UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17CV425-GCM

| | |
|---|---|
| **JAMIE F. RINEHART,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**NANCY A. BERRYHILL, Acting Commissioner** )<br>**of Social Security,** )<br>)<br>Defendant. ) | ORDER |

**THIS MATTER** is before the court upon Plaintiff's Motion for Summary Judgment (Doc. No. 6) and the Commissioner's Motion for Summary Judgment (Doc. No. 8). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance alleging a disability onset date of April 15, 2006. (Tr. 277-86, 307). Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). (Tr. 36-68). After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. (Tr. 10-30). Plaintiff's request for review was denied, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). (Tr. 1-5). Thereafter, Plaintiff timely filed this action, seeking review of the Commissioner's final decision.

### II. Factual Background

1

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales, supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan, supra*.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

### C. The Administrative Decision

In rendering his decision, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 15). At the second step, the ALJ found that Plaintiff suffered from the following severe impairments: left ankle degeneration, status post total knee replacement surgery with left lower extremity nerve dysfunction, DDD, carpel tunnel syndrome (CTS) with proximal interphalangeal joint (PIP) arthritis, obesity, and PTSD. (*Id.*). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of

impairments that met or medically equaled any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 17).

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), except:

> The claimant cannot climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs, balance, and stoop. She cannot kneel. The claimant can perform frequent, but not constant, reaching, handling, and fingering, bilaterally. The claimant must avoid concentrated exposure to hazards, such as unprotected heights, vibrating tools, and moving machinery. She requires a cane to ambulate but does not need it in the performance of duties. The claimant requires a sit/stand option, with the need to change positions twice per hour, but she can remain on tasks for 2 hours at a time throughout the day, including while changing positions. She is limited to simple, routine, repetitive tasks (unskilled work). She can have no constant changes in routine, no complex decision-making, and no crisis situations. She can perform no production rate work. The claimant is also limited to occasional public interaction.

(Tr. 19). In making this finding, the ALJ considered all of Plaintiff's symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, as required by 20 C.F.R. § 404.1529 and SSRs 96-4p and 96-7p. (*Id.*) The ALJ also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p. (*Id.*) While the ALJ found that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, he determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 20).

At the fourth step, the ALJ found that Plaintiff was no longer capable of performing her past relevant work. (Tr. 28). At step five, the ALJ determined that in light of Plaintiff's RFC, age, education, and work experience, and based on testimony from a vocational expert ("VE"), that Plaintiff could perform other unskilled jobs existing in significant numbers in the national

economy, such as office helper, charge account clerk, and inspector and hand packager. (Tr. 29). Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act. (*Id.*)

D. **Discussion**

Plaintiff has made the following assignments of error: (1) the ALJ failed to sufficiently explain why limitations documented in the medical opinions to which he gave great weight were not included in the RFC; 2) the ALJ relied on the testimony of the vocational expert that appeared to conflict with the DOT without eliciting an explanation; and 3) the ALJ failed to give substantial weight to a VA Disability Rating. Plaintiff's assignments of error will be discussed seriatim.

The RFC finding is an administrative decision that is reserved for the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Social Security Ruling (SSR) 96-8p states that the RFC "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis…" SSR 96-8p, 1996 WL 374184 at *1 (S.S.A.). A plaintiff bears the burden of providing evidence establishing the degree to which her impairments limit her RFC. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *Plummer v. Astrue*, No. 5:11-cv-006-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011).

While Ms. Rinehart argues that the ALJ's RFC determination did not consist of a function-by-function analysis to account for her mental limitations, the ALJ's decision shows that he performed the proper analysis, the RFC finding is supported by substantial evidence, and Ms. Rinehart is incorrectly asking this court to reweigh the evidence. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ].").

Ms. Rinehart contends that the ALJ did not evaluate her mental impairments in

accordance with *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In *Mascio*, the Fourth Circuit found that the ALJ erred in assessing the plaintiff's RFC because the ALJ failed to perform a function-by-function analysis. *See id.* at 636. In declining to adopt a *per se* rule, the *Mascio* Court stated that remand "may be appropriate" where the ALJ does not address conflicting evidence as to the claimant's RFC. *Id.* at 637. The court found that absent an explanation of the basis of the ALJ's conclusions, the Court is "left to guess" at how the ALJ arrived at them. *Id.* In this case, by contrast, there is no guesswork required by this Court. As reflected in his decision, the ALJ clearly discussed the evidence in the record, including Ms. Rinehart's treatment history and all of the medical source opinions in the record, as well as the inconsistencies therein.

Ms. Rinehart erroneously asserts that the ALJ failed to properly account for or discuss her limitations in concentration, persistence, or pace and, as such, her ability to stay on task. At step three of his analysis, the ALJ discussed conflicting evidence regarding Ms. Rinehart's focus and memory and determined that Ms. Rinehart has moderate difficulties with concentration, persistence, or pace. (Tr. 18). The ALJ discussed this again in his RFC analysis, summarizing the related medical records, Ms. Rinehart's own assertions, and the consistencies and inconsistencies therein. (Tr. 20, 23-28). In fact, despite Ms. Rinehart's assertions to the contrary in her brief, the ALJ fully discussed her allegations of and issues with concentration, persistence and pace at length. The ALJ noted Ms. Rinehart's allegations of memory loss, trouble focusing, sadness and anxiety (Tr. 20, 23-24); discussed treatment records, treatment history, and generally normal evaluations (Tr. 23-24); discussed medical opinions in the record, both treating and non-treating (Tr. 25, 27-28); and explained the inconsistencies therein (including inconsistencies within her own allegations of limitations, within the treatment notes, and within the medical source opinions). (23-25, 27-28).

Based on this analysis, the ALJ did not merely state that Ms. Rinehart could remain on task for two hours at a time throughout the day, including while changing positions. Rather, the ALJ also stated that Ms. Rinehart was limited to simple, routine, repetitive tasks (unskilled work); could have no constant changes in routine, no complex decision-making, and no crisis situations; was limited to only occasional public interaction; and could perform no production rate work. (Tr. 19). This fully satisfies the holding in *Mascio*. *See e.g.*, *Jarek v. Colvin*, 3:14-CV-620-FDW-DSC, 2015 WL 10097516, at *5 (W.D.N.C. Sept. 4, 2015) (holding that an ALJ's decision to preclude work at "an assembly line pace" provided the analysis necessary to satisfy the *Mascio* holding regarding "the ability to stay on pace") adopted by 2016 WL 626566 (W.D.N.C. Feb. 16, 2016) *aff'd* by 2017 WL 129024 (4th Circuit Jan. 13, 2017); *White v. Colvin*, No. 1:14-CV-161-RLV, 2016 WL 1600313 (W.D.N.C. Apr. 21, 2016) (affirming an ALJ decision because "[t]he ALJ's additional qualifiers that Mr. White be limited to [simple, routine, repetitive tasks) 1) in a stable work environment and 2) at a nonproduction pace satisfy *Mascio*.").

Importantly, this is not a case in which the ALJ made an RFC finding without discussing the relevant information. Not only did the ALJ incorporate these limitations into the RFC finding, but, as highlighted above, he also properly discussed the evidence in the record related to Ms. Rinehart's difficulties with concentration, persistence and pace, as required by *Mascio*. Indeed, "*Mascio* only requires a remand when an ALJ's opinion is 'sorely lacking' in a manner that 'frustrates meaningful review.'" *See White v. Colvin*, No. 3:15-cv-00197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June 14, 2016). Contrary to Ms. Rinehart's contention and as discussed above, the ALJ considered Plaintiff's RFC in accordance with SSR 96-8p and *Mascio*. The ALJ considered evidence related to Ms. Rinehart's ability to stay on task by assessing her

7

medical history, medical signs and findings, treatment, Ms. Rinehart's own statements regarding her functioning, as well as third party statements and medical source opinions.

Ms. Rinehart also argues that the ALJ failed to weigh or discuss an opinion proffered by William H. Farrell, Ph.D, a State agency consultant. In fact, the ALJ did articulate a detailed consideration of Dr. Farrell's opinion, affording it great weight. (Tr. 27). Specifically, the ALJ stated that Dr. Farrell opined that Ms. Rinehart retains the ability to perform simple, routine, repetitive tasks at a non-productive pace in a low stress environment (Tr. 27), a restriction accommodated in an RFC finding that limited Ms. Rinehart to simple, routine, repetitive tasks (unskilled work), with no constant changes in routine, no complex decision-making, no crisis situations, and no production rate work. (Tr. 19). The ALJ discussed Dr. Farrell's expertise and noted that the opinion is consistent with the record as a whole, including examinations showing that Ms. Rinehart was alert, fully oriented, cooperative and pleasant with intact memory and normal thought content. (Tr. 27). The ALJ determined that Dr. Farrell's opinion is also consistent with Ms. Rinehart's daily activities. (*Id.*).

In her argument, Ms. Rinehart specifically refers to Dr. Farrell's explanation for her moderately limited ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 119). As an explanation for finding Ms. Rinehart moderately limited in this area, Dr. Farrell noted that Ms. Rinehart retained the capacity to concentrate, persist and maintain pace for 1-3 step instructions for 2-hour periods over an 8-hour day throughout a regular workweek. (Tr. 119). Dr. Farrell later elaborated that Ms. Rinehart's limitations in sustaining attention over time "do not preclude [her from] performing simple, routine, repetitive tasks" and, as noted above, that Ms. Rinehart "retains the mental

capacity to perform [simple, repetitive, routine, tasks] at a non-productive pace in a low stress environment." (Tr. 120). It appears that the ALJ properly considered and weighed Dr. Farrell's opinion and properly accounted for this opinion in the RFC finding. (Tr. 19).

Ms. Rinehart next argues that there appears to be unresolved conflicts between the VE's testimony and the DOT job descriptions for office helper, charge account clerk, and inspector and hand packager. First of all, she contends that the limitation to simple, routine, repetitive tasks is incompatible with the identified jobs' reasoning levels of 2 or 3. However, this court has recognized no conflict, even in the context of the higher reasoning level of 3. In *Carringer v. Colvin*, the court confirmed that "[t]here is no direct correlation between the DOT's reasoning levels and a limitation to carrying out simple instructions or performing simple work; thus, jobs requiring an individual to perform such work is consistent with a DOT reasoning level of either 2 or 3." No. 2:13-cv-00027-MOC, 2014 WL 1281122, at *3 (W.D.N.C. Mar. 27, 2014). Similarly, in *Clontz v. Astrue*, the court stated that "[t]he requirements of GED reasoning level three are consistent with a limitation to simple, unskilled work." No. 2-12-cv-00013-FDW, 2013 WL 3899507, at *5 (W.D.N.C. July 29, 2013) (citing *Thacker v. Astrue*, No. 11-cv-00246, 2011 WL 7154218, at *4 (W.D.N.C. Nov. 28, 2011) (internal quotation marks omitted). In addition, in *Martin v. Colvin*, the court, citing *Carringer* and *Clontz*, found "no merit" in the plaintiff's argument that Level 3 reasoning "is inconsistent with the RFC's finding that Claimant is limited to simple, unskilled work." No. 1:14-cv-00234-RLV, 2015 WL 9094738, at *5 (W.D.N.C. Dec. 16, 2015). Moreover, the VE testified that each of the identified jobs were unskilled, consistent with both the hypothetical question and the RFC finding. (Tr. 61-62). Thus, there was no apparent conflict to resolve.

The ALJ also found that Rhinehart "requires a cane to ambulate but does not need it in

9

the performance of duties," "requires a sit/stand option, with the need to change positions twice per hour," and "is limited to occasional public interaction." (Tr. 19). The ALJ asked the VE if his testimony was consistent with the DOT, the VE testified that, although the DOT does not address changing positions or sit/stand options, he based his responses on many years of clinical experience and training (Tr. 62-63). With respect to the sit/stand option incorporated in the RFC, it is well established that an ALJ may rely on VE testimony when incorporating it in the RFC even though such an option is not in the DOT. *Lusk v. Astrue*, No. 1:11-CV-196, MKR, 2013 WL 498797, at *5 (W.D.N.C. Feb. 11, 2013) (citing *Hynes v. Barnhart*, No. Civ. 04-CV-490-SM, 2005 WL 1258747, at * 4 (D.N.H. June 15,2005) ("no conflict existed between the VE's testimony and the DOT. The DOT is silent as to ability to change positions or the availability of a sit/stand option; as such, it was entirely proper for the ALJ to obtain and consider VE testimony in order to supplement the DOT job descriptions."). The ALJ's reliance on the VE's testimony was proper.

Ms. Rinehart cites to the O*Net to argue that there is an apparent conflict between the testimony of the VE with regard to the ALJ's limitation to only occasional interaction with the public and the job descriptions for the jobs identified by the VE. Agency regulations and rulings currently identify the DOT as a source of reliable job information for determining disability claims and as suitable for administrative notice. 20 C.F.R. §§ 404.1566(d) and 416.966(d); 20 C.F.R. Part 404, Subpart P, App. 2, § 200.00(b); Social Security Ruling (SSR) 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000) (in making disability determinations, we rely primarily on the DOT, including its companion publication, the SCO). As such, the O*NET's characterization that any of the identified jobs require more than occasional contact with others is irrelevant. The VE did not err in identifying the specific jobs based upon the DOT and his clinical experience

and training.

Finally, Ms. Rinehart asserts that there is an apparent conflict regarding her need for a cane to walk and the VE's testimony. However, she has presented no evidence that the identified jobs could not accommodate the use of a cane for ambulation. There is no basis for disturbing the ALJ's findings, based, as they were, on a consideration of the entire record and properly developed VE testimony. Viewed against this backdrop, it is apparent that the VE's testimony constituted substantial evidence to support the ALJ's conclusion that Ms. Rhinehart could do work existing in significant numbers and, therefore, was not disabled under the Act.

Lastly, Ms. Rinehart argues that the ALJ erred in failing to give substantial weight to a VA Disability Rating. Acknowledging that SSA employs its own standards for evaluating disability, the Fourth Circuit recognized that an ALJ may give less-than-substantial weight to a disability rating when the record clearly demonstrates that such a deviation is appropriate. *See Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012). As required by agency rules and regulations, the ALJ properly considered the VA disability rating as one part of the evidence of record. (Tr. 26). The ALJ noted that the VA uses different standards for determining disability than Social Security, including standards for substantial gainful activity and how subjective complaints are evaluated. (Tr. 26). The ALJ discussed the different eligibility standards, the differences in onset determination, and the differences when considering subjective complaints – noting that these differences influence the evidentiary value of the VA rating. (Tr. 26). The ALJ independently considered the medical evidence and separately weighed and evaluated such evidence in his decision.

In making this argument, Ms. Rinehart erroneously minimizes the ALJ's analysis and asks this Court to reweigh the evidence. This is, of course, beyond the scope of judicial review.

*See Hays*, 907 F.2d at 1456. While Ms. Rinehart may not agree with the weight her disability rating was afforded, it was properly considered by the ALJ, who clearly articulated his analysis of the record, including opinions therein, and distinctly noted the inconsistencies between the various opinions, Ms. Rinehart's treatment notes, the objective evidence of record, and the record as a whole. The Court concludes that the ALJ's decision is supported by substantial evidence and was reached through application of the correct legal standards.

V.  **Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. *See Richardson v. Perales, supra; Hays v. Sullivan, supra*. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales, supra*, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment is **GRANTED**; and

(4)     this action is **DISMISSED**.

Signed: April 18, 2018

Graham C. Mullen
United States District Judge